# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WESLEY D. COVALT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-657-R |
| | ) |
| JAMES B. REA, | ) |
| | ) |
|       Defendant. | ) |

## ORDER

Defendant James B. Rea has filed a motion to dismiss Plaintiff's Complaint. Doc No. 6. Plaintiff has filed a response to the motion, Doc. No. 7, and Defendant has filed a reply, Doc. No. 8, so the motion is at issue. Defendant makes three arguments in support of the motion to dismiss. First, Defendant argues that Plaintiff's Complaint fails to satisfy the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) because Plaintiff has failed to identify the false accusations, testimony or statements given by Defendant in support of the affidavit for arrest and/or preliminary hearing and to specify when and where or the context in which such allegedly false statements were made by Defendant and how such statements resulted in the lack of probable cause. Specifically, Defendant asserts that Plaintiff's pleading fails to overcome the presumption of validity accorded an arrest warrant, citing *Granks v. Delaware*, 438 U.S. 154 (1978), and *Snell v. Tunnel*, 920 F.2d 673, 698 (10th Cir. 1990), and to show deliberate or reckless false statements or malice on the part of Defendant. Secondly, Defendant asserts that Plaintiff's claims under the Sixth and Fourteenth Amendments must fail because

unlawful arrest, malicious prosecution and pretrial detention claims must be analyzed under the Fourth Amendment, citing *Taylor v. Meacham*, 82 F.3d 1556 (10th Cir. 1996). Finally, Defendant argues that to the extent Plaintiff is making an official capacity claim against Defendant it must be dismissed because such a claim is actually against the States and states are not persons under Section 1983 and such claim is also barred by the Eleventh Amendment.

The Court has reviewed Plaintiff's Complaint and finds that it fails to satisfy the requirements of *Twombly* and *Iqbal* because Plaintiff has failed to identify the alleged false statements and where and when they were made. Such factual allegations are necessary "to raise a right to relief beyond the speculative level," *Twombly* at 555 and nudge the Complaint over "the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678. Moreover, Defendant is correct that claims for unlawful arrest, prosecution and pretrial detention are properly brought for violations of the Fourth Amendment, not the Sixth and Fourteenth Amendment, *see Taylor v. Meacham*, 82 F.3d 1556 (120th Cir. 1996); *see also Albright v. Oliver,* 510 U.S. 266 (1004)(federal constitutional claim based on arrest by state authorities without probable cause must be analyzed under the Fourth Amendment rather than under the Due Process Clause of the Fourteenth Amendment). Finally, Plaintiff's claims against Defendant in his official capacity are in actuality claims against the state not cognizable under Section 1983 because states are not persons thereunder, *see, e.g., Stidham v. Peace Officers Standards & Trailing*, 265 F.3d 1144, 1156 (10th Cir. 2001), and for the further reason that § 1983 claims against the State are barred by the Eleventh Amendment. *See*

*Arizona for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997).

In accordance with the foregoing, Defendant's motion to dismiss Plaintiff's Complaint, Doc. No. 6, is GRANTED IN ITS ENTIRETY. Plaintiff's informal request for leave to amend is DENIED. Plaintiff may submit an appropriate motion for leave to amend accompanied by a proposed Amendment Complaint within ten (10) days of the date of this Order.

IT IS SO ORDERED this 13th day of January, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE